854 F.2d 1318
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Cynthia J. VINCENT, Executrix of the Estate of Bernard E.
Vincent, Jr., Plaintiff-Appellant.
v.
UNITED TECHNOLOGIES CORPORATION, Defendant-Appellee.
Suzanne G. DINKLER, Executrix of the Estate of William B.
Dinkler, Plaintiff-Appellant
v.
UNITED TECHNOLOGIES CORPORATION, The Norton Company,
Defendants-Appellees,
and
Pacific Scientific Company; Simula, Inc., Defendants.
 No. 88-1006.
 United States Court of Appeals, Fourth Circuit.
 Argued July 13, 1988.
Decided July 29, 1988.
 
 William F. Womble, Jr., Robert E. Fields, III (Womble, Carlyle, Sandridge & Rice on brief) and Patrick M. Noonan (Wiggin & Dana on brief) for appellees.
 John Richardson Haworth, Susan H. Thomas (Haworth, Riggs, Kuhn, Haworth & Miller on brief) and Robert Standring Lamar, Jr. (Brown, Hudgens, Richardson on brief) for appellants.
 Before CHAPMAN, WILKINSON, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Cynthia J. Vincent and Suzanne G. Dinkler appeal the order of the district court granting summary judgment to United Technologies Corp. and The Norton Company. We affirm.
 
 
 2
 This case arises from the March 4, 1982 crash of a Blackhawk helicopter at Ft. Bragg, North Carolina. Captain William B. Dinkler and CW4 Bernard E. Vincent were the pilots and only occupants of the helicopter. Both men were killed as a result of the crash. While Vincent was killed instantly during the crash sequence, Dinkler was able to escape the aircraft but died several hours later in the hospital. Army investigators concluded that Dinkler "sustained fatal chest injuries due to flailing when his shoulder harness lead strap failed just aft of the 'Y' connection."
 
 
 3
 Plaintiffs' claims of a manufacturing defect rely heavily on the testimony of expert witnesses. Plaintiffs' experts opined that defective potentiometers, a part of the stabilator system which stabilizes the tail of the aircraft, initiated a chain of events which resulted in the fatal crash. In addition, plaintiffs offered documentary evidence showing that other stabilators, serially numbered both before and after the ones in question, had defective potentiometers. The district court noted that there was no other evidence of any defect in the manufacturing process.
 
 
 4
 The district court held that plaintiffs' evidence was insufficient to support a finding that a defect existed in manufacturing, or that a manufacturing defect coupled with an inadequate operators manual caused the fatal crash. The court stated that the experts' opinions are conclusory and without a basis in demonstrated fact and therefore inadmissible. The court also noted that evidence concerning defects in other potentiometers is not admissible since there was no evidence that the potentiometers in the subject helicopter were defective.
 
 
 5
 The district court concluded that the plaintiffs failed to provide sufficient evidence to lead a jury to find that the allegedly defective parts caused the crash. The court noted that the theory involved abundant speculation and little, if any, evidentiary support. Indeed, the court stated that the plaintiffs conceded that under their theory, pilot error, rather than negligence, could have been the cause of the crash.
 
 
 6
 Dinkler also brought tort and warranty claims against The Norton Company concerning an allegedly faulty seat assembly in the helicopter. The district court found that the tort claim, governed by North Carolina law, was barred because North Carolina does not recognize crashworthiness as a viable theory and that the warranty claim, governed by Connecticut law, failed because of Dinkler's lack of privity with The Norton Company as required by Connecticut law. The district court noted that Connecticut has adopted the most restrictive version of Sec. 2-318 of the Uniform Commercial Code, requiring that a injured party be in privity with the warrantor to maintain an action for breach of warranty.
 
 
 7
 "[T]he trial judge has broad discretion in the matter of the admission or exclusion of expert evidence, and his action is to be sustained unless manifestly erroneous." Salem v. United States Lines Co., 370 U.S. 31 (1962). We cannot say that the district court abused its discretion in excluding the opinions of plaintiffs' experts. Expert testimony is not admissible when the conclusions are based on multiple layers of assumptions. At some point, the addition of assumptions to the bare facts in a record take the expert's opinion from the realm of fact to that of mere speculation, rendering it incompetent. Such testimony may be so lacking in probative value that the district court may in its discretion determine that it is of no value to a jury. In this case, the district court found that the experts' theory was so grounded in speculation that their theory supported pilot error, as well as negligence, as the cause of the crash. Therefore, it was within the discretion of the district court to rule the experts' opinions inadmissible, because such opinions could not lead to a verdict based on a preponderance of the evidence, but could only lead to a verdict based on speculation.
 
 
 8
 We also find that the district court was within its discretion in refusing to admit evidence of defect in potentiometers other than those installed in the subject helicopter. As the district court noted, "A jury should not be able to find that the relevant potentiometers were defective simply because there is evidence that other potentiometers were defective."
 
 
 9
 As for Dinkler's claims against The Norton Company, we agree with the analysis of the district court. Dinkler's tort claim is barred by North Carolina's crashworthiness doctrine and the warranty claim fails for a lack of privity under Connecticut law.
 
 
 10
 Because the plaintiffs are unable to raise a genuine issue of material fact, the judgment of the district court is
 
 
 11
 AFFIRMED.